# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

JOHN HAYNES,

                    Plaintiff,                                    Hon.

v.                                                               Case No.

TROOPER DYLAN NEILL, TROOPER
JOSEPH BOISTURE, OFFICER ALEX
MAWER, OFFICER RYAN BAXTER, AND
OFFICER JORDAN BADY in their individual
capacities.

                    Defendants.

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
michael@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, John Haynes, by and through his attorneys, MARKO

LAW, PLLC, and for his Complaint against the above-named Defendants, states as

follows:

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                     Michael L. Jones, Esq.
Case No.:                                                           Jon R. Marko, Esq.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the federal claims raised this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3.     This Court has jurisdiction to issue declarator, and other relief under 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the City of Saginaw, County of Saginaw, State of Michigan.

## PARTIES

5.     Plaintiff, John Haynes, is a 69-year-old man and a resident of the County of Saginaw, State of Michigan.

6.     Defendant Dylan Neill, sued in his individual capacity, is a police officer employed by the Michigan State Police, and by all information and belief, resides in the County of Saginaw, State of Michigan.

7.     Defendant, Trooper Joseph Boisture, sued in his individual capacity, is a police officer employed by the Michigan State Police, and by all information and belief, resides in the County of Saginaw, State of Michigan.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                          Michael L. Jones, Esq.
Case No.:                                                                                    Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

8. Defendant, Officer Alex Mawer, sued in his individual capacity, is a police officer employed by the Saginaw Police Department, and by all information and belief, resides in the County of Saginaw, State of Michigan.

9. Defendant, Officer Ryan Baxter, sued in his individual capacity, is a police officer employed by the Saginaw Police Department, and by all information and belief, resides in the County of Saginaw, State of Michigan.

10. Defendant, Jordan Bady, sued in his individual capacity, is a police officer employed by the Saginaw Police Department, and by all information and belief, resides in the County of Saginaw, State of Michigan.

## FACTS

11. On March 10, 2020, Plaintiff was driving his vehicle on Fourth Street in Saginaw, Michigan, County of Saginaw, State of Michigan.

12. Plaintiff drove by Defendant Neill's position, and Defendant Neill allegedly observed that Plaintiff was not wearing his seatbelt.

13. Defendant Neill initiated a traffic stop of Plaintiff's vehicle at approximately 2:35 PM on March 10, 2020, and Plaintiff promptly pulled over.

14. Upon Defendant Neill approaching Plaintiff's vehicle, Plaintiff opened his door and greeted Defendant Neill at which point Defendant Neill observed that Plaintiff was wearing his seatbelt.

15. Defendant Neill asked Plaintiff for his driver's license, which Plaintiff provided to Defendant Neill.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                              Michael L. Jones, Esq.
Case No.:                                                                                      Jon R. Marko, Esq.

MARKO LAW

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKOLAW.COM

16.    Defendant Neill then asked Plaintiff for his registration and insurance card, but Plaintiff informed Defendant Neill that Plaintiff did not have his insurance card in the car.

17.    Plaintiff informed Defendant Neill that he did have insurance, even though he did not have his insurance card, and asked Defendant Neill to look up Plaintiff's information on Defendant Neill's computer.

18.    Defendant Neill refused to look up Plaintiff's information on the computer, and instead, demanded Plaintiff step out of the vehicle.

19.    Plaintiff was initially hesitant to step out of the vehicle, but eventually agreed to do so.

20.    At the request of Defendant Neill, Plaintiff agreed to undo his seatbelt, and Plaintiff then began to exit his vehicle.

21.    As soon as Plaintiff began to exit the vehicle, Defendant Neill grabbed Plaintiff, causing Plaintiff to fear that Defendant Neill was going to "man handle" Plaintiff.

22.    A struggle then ensued as Plaintiff was unable to exit his vehicle due to Defendant Neill physically blocking the doorway.

23.    Plaintiff was still seated in the driver's seat of his vehicle as Defendant Neill leaned inside the opened doorway of the driver's side to physically remove Plaintiff from the vehicle.

24.    Defendant Neill eventually pulled Plaintiff out of the vehicle, and then forced Plaintiff to the front passenger side of Defendant Neill's patrol vehicle.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                                    Michael L. Jones, Esq.
Case No.:                                                                                              Jon R. Marko, Esq.

25.     Defendant Boisture then arrived on scene and ran over to assist Defendant Neill.

26.     Immediately after Defendant Boisture began to assist Defendant Neill in handcuffing Plaintiff, Defendants Boisture and Neill forcefully took Plaintiff to the ground.

27.     Defendants kneed Plaintiff in the ribs multiple times while Plaintiff was on the ground.

28.     Soon after Plaintiff was taken to the ground, Defendants Baxter, Mawer, and Bady from the Saginaw Police Department arrived on the scene and helped Defendants Boisture and Neill place Plaintiff under arrest.

29.     Plaintiff suffered serious injuries as a direct result of the excessive force used by Defendants.

## <u>COUNT I</u>
## CONSTITUTIONAL CLAIMS EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983

30.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

31.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

32.     Plaintiff had a constitutional right under the Fourth Amendment not to be subjected to the use of excessive force by the Defendants, as well as the right to be free

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                    Michael L. Jones, Esq.
Case No.:                                                           Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

33. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

34. Defendants Neill and Boisture are "persons," as defined under 42 U.S.C. § 1983, and as agents of the Michigan State Police, were acting under the color of state law at all times relevant to this action.

35. Defendants Mawer, Baxter, and Bady are "persons," as defined under 42 U.S.C. § 1983, and as agents of the Saginaw Police Department, were acting under the color of state law at all times relevant to this action.

36. Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth Amendment to the United States Constitution.

37. By engaging in the above-described acts, Defendants, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

38. Plaintiff's right to be free from excessive force as described herein was clearly established at the time Defendants took him into custody, and a reasonable person in the Defendants' position would have understood that the conduct violated said right.

39. Defendants are therefore not entitled to qualified immunity.

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                                    Michael L. Jones, Esq.
Case No.:                                                                                              Jon R. Marko, Esq.

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

40.     Defendants acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

41.     As a proximate result of Defendants' actions and inactions, Plaintiff suffered and continues to suffer emotional suffering, psychological injury, and trauma. Plaintiff continues to experience fear, distrust, and anxiety regarding law enforcement officers.

42.     Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **DEMAND AND RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair and award costs, interest and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: 313-771-5728
michael@markolaw.com

Dated: April 29, 2022

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND
*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                    Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, John Haynes, by and through his attorneys, MARKO

LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
1300 Broadway, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: 313-771-5728
michael@markolaw.com

Dated: April 29, 2022

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**
*Haynes v. Neill, Boisture, Mawer, Baxter, Bady*                    Michael L. Jones, Esq.
Case No.:                                                          Jon R. Marko, Esq.

MARKO LAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW